IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-01646-PAB

DETH RORDSALEE,

     Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility, and
GEORGE VALDEZ, Field Office Director, Denver Field Office, United States
Immigration and Customs Enforcement,

     Respondents.[1]

---

## ORDER

---

This matter comes before the Court on Petitioner Deth Rordsalee's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") filed April 16, 2026. Docket No. 1. On June 16, 2026, Respondents filed a response. Docket No. 13. Then, on June 26, 2026, Respondents filed a "Motion to Withdraw Response to Order to Show Cause," asserting that Petitioner was removed from the United States on June 2, 2026 and is no longer in ICE custody, meaning that the Petition is moot. Docket No. 16. For the reasons stated below, the Motion to Withdraw Response to Order to Show Cause is granted and the Petition is denied.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), George Valdez is automatically substituted for Robert Hagan as a Respondent.

## I. Background

At the time he commenced this action, Petitioner was detained by Immigration and Customs Enforcement ("ICE") at the Denver Contract Detention Facility in Aurora, Colorado.  Docket No. 1.  Petitioner was ordered removed from the United States in 2003.  *Id.* at 5.  On March 13, 2026, ICE re-detained Petitioner.  *Id.*  In the Petition, Petitioner requests immediate release on bond, arguing that his continued detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001) and his due process rights under the Fifth Amendment of the United States Constitution.  *Id.*

Respondents were ordered to show cause why the Petition should not be granted.  Docket No. 9.  On June 16, 2026, Respondents filed a Response to Order to Show Cause.  Docket No. 13.  However, as the Court noted above, on June 26, 2026, Respondents submitted a motion requesting the Court withdraw the Response and dismiss the Petition as moot because Petitioner was removed from the United States on June 2, 2026 and is no longer in ICE custody.  Docket No. 16

## II. Legal Standards

### A. *Pro* Se Petitioner

The Court must construe Petitioner's filings liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See* Hall, 935 F.2d at 1110.

### B. Habeas Corpus Relief

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Habeas corpus proceedings under 28 U.S.C. § 2241 'remain available as a forum for statutory and constitutional challenges to post-removal-period detention.'" *Singh v .Choate,* No. 23-cv-02069-CNS, 2024 WL 309747, at *1 (D. Colo. Jan. 26, 2024) (quoting *Zadvydas,* 553 U.S. at 688); *see also Hernandez-Ceren v. Wolf*, No. 20-cv-01628-RM, 2020 WL 3036074, at *1 (D. Colo. June 6, 2020) ("a person subject to removal is in custody for habeas purposes").

The writ of habeas corpus is designed to challenge "the fact or duration" of a person's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "In other words, habeas corpus, and thus § 2241, offers detainees release from custody when the very fact that they are detained, or detained for a certain length of time, is unlawful." *Codner v. Choate*, No. 20-cv-01050-PAB, 2020 WL 2769938, at *4 (D. Colo. May 27, 2020).

**C. Mootness**

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). At all stages of the case, the parties must have a "personal stake in the outcome" of the lawsuit. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis*, 494 U.S. at 477-78). Federal courts have no

3

authority to give an opinion upon a question that is moot due to events that occur during the pendency of the action.  *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992).

When a habeas petitioner has been released from custody, the petition must be dismissed as moot unless one of the following exceptions to the mootness doctrine applies: "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit."  *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002).

The record before the Court indicates Petitioner was removed from the United States and no longer is in the custody of United States immigration officials.  The docket sheet reflects that recent mail sent to Petitioner at the ICE Detention Facility in Aurora, Colorado has been returned to the Court undelivered.  Docket Nos. 15, 17.  One of the return envelopes bears handwriting that reads, "NOT HERE."  Docket No. 15.  Further, there is no indication that Petitioner has attempted to contact the Court in any way since he filed his initial Petition.

In the Petition, Petitioner requested release from ICE custody, which has occurred by virtue of his removal from the United States.  The Court can find no indication in the file that any of the *Riley* exceptions apply.  As a result, Petitioner's claim challenging the constitutionality of his detention is moot.

### III. Conclusion

For the reasons discussed in this order, the Petition is moot and the action will be dismissed for lack of jurisdiction. Accordingly, it is

ORDERED that the Motion to Withdraw Response to Order to Show Cause [Docket No. 16] is **granted**. It is further

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **denied** as moot and this action is **dismissed without prejudice** for lack of jurisdiction.

DATED June 29, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge